8  547
28ap578.

FREEMAN D. MARCKWALD, Plaintiff, v. THE OCEANIC STEAM NAVIGATION COMPANY (Limited), Defendant.

*Bill of exceptions — Settlement of case presenting only questions of law — insertion of all the evidence in, not proper — Statement of facts established by the evidence — substituted for the evidence, when.*

Appeal from an order denying a motion for the resettlement of a case containing exceptions.   The motion was made on the ground that a bill of exceptions should contain only so much of the evidence as should be necessary to present the questions of law raised on the trial.

The question presented related to the insertion of certain depositions and the stenographic notes of the testimony of a witness, in the case.

The court at General Term, after deciding that their insertion was unnecessary, further say : " The practice of inserting the evidence at large in cases presenting only questions of law is not to be commended ; the parties, their counsel and the court are all interested in securing its discontinuance.   It imposes unnecessary expense upon the parties and at the same time complicates their controversies.   In many cases the needless cost of procuring full notes of the evidence, and afterwards printing them for the counsel and the court, will equal or exceed all the other expenses of the litigation.   What would more than compensate counsel for putting the case in a concise and convenient form has to be paid for writing out the notes or printing the papers, and that too without dispens-

ing with this labor; for that which should be done when the case is made and settled, must afterwards be carefully performed if the briefs for the argument are properly made out.    The labor in the end is not dispensed with, but its performance is required after the recollections of the trial and the points reserved have become obscured, and all must be learned over again.

A presentation of all the evidence renders it much more laborious for the court to ascertain and determine the points involved.    They are confused and concealed by it, and in some instances, certainly, imperfectly considered, by reason of the difficulty experienced in gathering what may be the relevant and important evidence for that purpose.    It not unfrequently happens that in a case of 100 pages all the material evidence could be well contained in less than half a dozen.    Much time is lost and great labor is bestowed, in sifting that which is serviceable from the great mass of what is worse than useless in the case.    That time should be devoted to the consideration of the points perspicuously presented by the facts, or by only so much of the evidence as may be required to develop them, instead of being wasted upon a service that is beneficial to no one. The idea that it can do no harm to make papers unnecessarily voluminous has arisen out of a misapprehension of the fact.    It is often a positive injury to the parties, for it deprives the courts of the ability to give the real controversy the attention it is often found to require, and which the pressure of other official duties · often precludes it·from receiving.    The practice in this respect cannot be too soon corrected, and the defendant's motion for a resettlement of the case was a step in that direction.    (*Dunlap* v. *Hawkins*, 2 N. Y. S. C. [T. & C.], 292, 298, 299; *Howland* v. *Woodruff*, 60 N. Y., 73.)    \* \* \*

It has been objected that the order made is not appealable; but the addition of the evidence secured by the depositions and the detailed examination of the witness Pennell, would very materially increase the expenditures required to be made to bring the case before the court.    And as that would have to be borne by the defendant, in order to secure a hearing of the exceptions, it rendered the order appealable, even though discretion was to a certain extent involved in making it.    (*People* v. *New York Central R. R. Co.*, 29 N. Y., 418; *Matter of Duff*, 41 How., 350.)

The order appealed from should be reversed, but without costs, and an order entered directing a resettlement of the case, by excluding from it the depositions and the stenographic notes of the witness Pennell, and substituting in place thereof, so far as that may be proper, a statement of the facts which such evidence proved, or tended to prove, upon the trial."

*William A. Coursen,* for the plaintiff.   *Everett P. Wheeler,* for the defendant.

Opinion by DANIELS, J.; DAVIS, P. J., concurred; BRADY, J., concurred in the result, on the strength of rule 43.

Order reversed without costs; order entered as in opinion.